## Okowasky's License

*Eugene A. Caputo*, for appellant.
*Albert C. Snively*, for Liquor Control Board.

READER, P. J., September 25, 1939.—The above-entitled case is before us on the appeal of William Okowasky from the action of the Pennsylvania Liquor Control Board refusing to issue him a license for premises at 721 Twenty-second Street, in the Borough of Ambridge, Beaver County, Pa. A hearing was had, after due notice, on July 24, 1939, at which time evidence was presented on behalf of the Liquor Control Board and on behalf of appellant.

The evidence disclosed that, at the time of hearing, and for a short time prior thereto, the place for which the license was sought met all the requirements of the Act of June 24, 1939, P. L. 806. It appeared, however, from the undisputed evidence, that the place had not previously been licensed. William Okowasky had held a retail liquor license for a place located elsewhere in the Borough of

Ambridge. This license, however, he had transferred early in the year 1939 to another person. The application now before us is therefore a new application within the meaning of the Act of 1939, supra. This act, in effect, provides that no license shall be granted, after its passage, by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor or malt or brewed beverages in excess of one such license of any class for each 1,000 inhabitants, or fraction thereof, in any municipality.

At the hearing there was no dispute that, at the time this application was made, the number of such licenses in the said Borough of Ambridge exceeded the limit fixed by the act of assembly referred to. We suggested at the hearing that we desired specific information as to the number of licensed places in the said Borough of Ambridge. On the day after the hearing the Pennsylvania Liquor Control Board advised us in writing that on that date there were 61 restaurant liquor licenses and 20 club liquor licenses in effect in said borough. Excluding from consideration the club liquor licenses, the number of retail liquor licenses is greatly in excess of the limit prescribed by the act of assembly.

It seems to us that, in a situation such as is presented in this case, the act of assembly absolutely prohibits the granting of a license upon a new application. In this respect we think the present case is distinguished from the cases of Mozes Lorinz, at no. 11 September sessions, 1939, in the Court of Quarter Sessions of Beaver County, in which Judge Wilson has filed an opinion as of this date. We are satisfied that under the act of assembly the Pennsylvania Liquor Control Board could not have granted a license upon the application of William Okowasky.